

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>ROCKY ROLLIN BETTIN,<br><br>Defendant/Movant. | Cause No. CR 17-083-BLG-SPW<br>CV 18-180-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION<br>AND DENYING CERTIFICATE<br>OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Rocky Rollin Bettin's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Bettin is a federal prisoner proceeding pro se.

The transcripts of Bettin's change of plea hearing, held on September 21, 2017, and sentencing hearing, held on February 14, 2018, are needed to decide the issues presented in the motion. The United States will be directed to order the transcripts for the record and copies for Bettin.

**I. Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that

1

the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On June 28, 2017, a grand jury indicted Bettin on one count of conspiracy to distribute and possess with intent to distribute at least 500 grams of a substance containing methamphetamine between December 2016 and June 2017, a violation of 21 U.S.C. § 846 (Count 1); and one count of possessing 500 or more grams of a substance containing methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 2). Both counts were based on a highway patrol officer's traffic stop in Missoula, which resulted in seizure of 1,502 grams of a crystalline substance that proved to be methamphetamine. *See* Indictment (Doc. 11) at 2–3. Assistant Federal Defender Gillian Gosch was appointed to represent

Bettin. *See* Order (Doc. 7).

The parties reached a plea agreement. On August 28, 2017, the United States filed a superseding information charging Bettin with a single count of conspiracy to distribute or possess with intent to distribute 50 or more grams of a substance containing methamphetamine between December 2016 and June 2017, a violation of 21 U.S.C. § 846. *See* Superseding Information (Doc. 25) at 1–2. Bettin agreed to plead guilty to the superseding information, and the United States conditionally agreed to recommend a three-level reduction in the offense level for acceptance of responsibility. The parties agreed to recommend a base offense level of 36 based on the amount of methamphetamine Bettin and others involved in the conspiracy distributed or possessed with intent to distribute. *See* Plea Agreement (Doc. 26) at 2 ¶ 2, 6–7 ¶ 6. On September 21, 2017, Bettin pled guilty in open court.

A presentence report was prepared. The report noted that two other persons had been arrested in January and February 2017 and identified Bettin as their supplier. *See* Presentence Report ¶¶ 14–15. While Bettin disputed their estimates of the amount of methamphetamine he provided them, he did not dispute that he dealt with them. *See, e.g.*, Offer of Proof (Doc. 24) at 3–4.

At sentencing, consistent with the plea agreement, the base offense level was 36, corresponding to 1.5 to 4.5 kilograms of actual methamphetamine. With a

Bettin. *See* Order (Doc. 7).

The parties reached a plea agreement. On August 28, 2017, the United States filed a superseding information charging Bettin with a single count of conspiracy to distribute or possess with intent to distribute 50 or more grams of a substance containing methamphetamine between December 2016 and June 2017, a violation of 21 U.S.C. § 846. *See* Superseding Information (Doc. 25) at 1–2. Bettin agreed to plead guilty to the superseding information, and the United States conditionally agreed to recommend a three-level reduction in the offense level for acceptance of responsibility. The parties agreed to recommend a base offense level of 36 based on the amount of methamphetamine Bettin and others involved in the conspiracy distributed or possessed with intent to distribute. *See* Plea Agreement (Doc. 26) at 2 ¶ 2, 6–7 ¶ 6. On September 21, 2017, Bettin pled guilty in open court.

A presentence report was prepared. The report noted that two other persons had been arrested in January and February 2017 and identified Bettin as their supplier. *See* Presentence Report ¶¶ 14–15. While Bettin disputed their estimates of the amount of methamphetamine he provided them, he did not dispute that he dealt with them. *See, e.g.*, Offer of Proof (Doc. 24) at 3–4.

At sentencing, consistent with the plea agreement, the base offense level was 36, corresponding to 1.5 to 4.5 kilograms of actual methamphetamine. With a

three-level downward adjustment for acceptance of responsibility, the total offense level was 33. Bettin's criminal history category was V. *See* Presentence Report ¶¶ 27–37, 38–55. The advisory guideline range was 210 to 262 months. *See* U.S.S.G. ch. 5 Part A (Sentencing Table). Due principally to his serious lack of guidance as a youth and his addiction, Bettin was sentenced to serve 180 months in prison, to be followed by a five-year term of supervised release. *See* Statement of Reasons (Doc. 41) at 1 § III, 3 § VI(C), 4 § VIII; Am. Judgment (Doc. 42) at 2–3.

Bettin did not appeal. His conviction became final on March 1, 2018. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his § 2255 motion on or before December 28, 2018. *See* 28 U.S.C. § 2255(f)(1).

### III. Claim and Analysis

Bettin contends trial counsel provided ineffective assistance during plea negotiations. This claim is governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Bettin must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694.

Bettin alleges "there were multiple instances of contradiction when it came to the weight and the purity of the methamphetamine involved" in the case. Mot. §

4

2255 (Doc. 44) at 8. He also asserts his case was litigated at the time when a laboratory technician at the Montana State Crime Lab in Missoula was accused of stealing drugs. *See id.* at 6. He asks to be resentenced. *See id.* at 1.

At this stage of the proceedings, the Court assumes Bettin's allegations of fact are true. But even so, he is not entitled to relief.

Regarding quantity, if Bettin's offense level depended solely on the 1,502 grams of methamphetamine an officer found in his vehicle during the traffic stop, the outcome here might be different. The base offense level of 36 applies only to defendants responsible for at least 1,500 grams (1.5 kilograms) of actual methamphetamine. *See* U.S.S.G. § 2D1.1(c)(2). But Bettin admitted he conspired with others to distribute methamphetamine and possess it with intent to distribute it between December 2016 and the day he was stopped in Missoula. He was responsible not just for the methamphetamine seized in June but also for methamphetamine he had distributed in concert with others since the previous December. Assuming the actual methamphetamine in the car weighed 1,470 grams, Bettin suggests no reason to believe the United States could not have proved, by a preponderance of the evidence at sentencing, that he was responsible for at least 35 more grams of actual methamphetamine—an ounce and a quarter— between December 2016 and the end of May 2017. And, of course, the United States might have proved a lot more than 35 grams. *See* Offer of Proof (Doc. 24)

5

at 3–4; Presentence Report ¶¶ 14–15 ("multiple ounces" and "1.5 pounds" attributed by others to Bettin in January and February 2017). The parties' agreement to recommend a base offense level of 36, *see* Plea Agreement (Doc. 26) at 6–7 ¶ 6, was a reasonable compromise and likely shielded Bettin against a base offense level of 38.

Regarding purity, Bettin correctly points out that his guilty plea involved a substance containing methamphetamine, not actual methamphetamine. His guilty plea set the statutory parameters of his sentence at a five-year mandatory minimum and a 40-year maximum, as opposed to the ten-year mandatory minimum and life maximum that applied to the charges in the original indictment. *Compare* 21 U.S.C. § 841(b)(1)(A)(viii) *with id.* § 841(b)(1)(B)(viii). Those parameters were observed at sentencing, as Bettin's 15-year sentence is more than five and less than 40 years.

But the sentencing guidelines require courts to "use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the . . . methamphetamine (actual), *whichever is greater.*" U.S.S.G. § 2D1.1(c) n.B (Nov. 1, 2016) (emphasis added); *see also, e.g.*, *United States v. Vallejos*, 742 F.3d 902, 906–07 (9th Cir. 2014). Bettin does not allege any reason to believe the methamphetamine was less pure than the 99% reflected in his exhibit. *See* Mot. § 2255 Ex. (Doc. 44-1 at 16). Even assuming the

6

lab technician stole some methamphetamine related to this case (which, of course, would only benefit Bettin), there is no reason to suppose the technician enhanced the purity of what remained.

Bettin's allegations do not support an inference that his sentence would be lower if reconsidered in light of his current arguments. He cannot show a reasonable probability of a better outcome if counsel had done anything differently. His claim of ineffective assistance of counsel is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Bettin does not make a showing of any substance that he was denied a constitutional right. The methamphetamine seized from his vehicle on June 2, 2017, weighed very close to the line between a level 34 and level 36 on the drug

table. *See* U.S.S.G. § 2D1.1(c)(2). But he pled guilty to a conspiracy that existed from December 2016 to June 2017, and witnesses who could have been called to testify at sentencing attributed "multiple ounces" and "1.5 pounds" to him. And he offers no reason to believe the DEA lab inaccurately analyzed the purity of the methamphetamine found in his car. Reasonable jurists would find no issues justifying further consideration. A COA is not warranted.

Accordingly, IT IS ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the change of plea hearing, held September 21, 2017, and the sentencing hearing, held February 14, 2018, are needed to decide the issues Bettin presents.

2. The United States shall immediately order the transcripts of those hearings for the Court's file and shall deliver copies to Rocky Rollin Bettin, BOP # 16864-046, USP Lompoc, United States Penitentiary, 3901 Klein Blvd., Lompoc, CA 93436.

3. Bettin's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 44) is DENIED.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Bettin files a Notice of Appeal.

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 18-180-BLG-SPW are terminated and shall close the civil file by entering

judgment in favor of the United States and against Bettin.

DATED this 9th day of August, 2019.

_____
Susan P. Watters
United States District Court