Case 1:17-cr-00083-SPW   Document 62   Filed 12/21/23   Page 1 of 2

AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

District of Montana

| | |
|---|---|
| United States of America<br>v.<br>Rocky Rollin Bettin | Case No: CR-17-83-BLG-SPW<br>USM No: 16864-046 |
| Date of Original Judgment: 02/15/2018<br>Date of Previous Amended Judgment: 02/20/2018<br>*(Use Date of Last Amended Judgment if Any)* | Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant seeks a sentence reduction under the retroactive application to the criminal history rules in Part A of Amendment 821 to the United States Sentencing Guidelines. (*See* Doc. 61.) Defendant is clearly ineligible.

Part A limits the overall criminal history impact of "status points" for offenders who committed the instant offense while under a criminal justice sentence. *See* U.S.S.G. Ret. App. A & B, Sub. 1 Amendment 821 "Reasons for Amendment" (Nov. 1, 2023). "A defendant is ineligible for a sentence reduction if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range." *United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017); USSG §1B1.10(a)(2)(B) (2023).

Here, Defendant asks for consideration under Part A. Defendant received two "status points" for committing the instant offense while under a criminal justice sentence. (PSR ¶ 54.) This elevated his total criminal history score from a nine to 11, giving him a criminal history category of V. (PSR ¶¶ 53–55.) Although he is eligible for a one-point reduction to his total criminal history score under Amendment 821, reducing Defendant's criminal history score from an 11 to a 10 would not lower his criminal history category or the applicable guideline range. Defendant also received a below-guideline sentence from the Court; he was sentenced to 180 months and the guideline range was 210 to 262 months. (Doc. 41.) Because Defendant is clearly ineligible for a sentence reduction under the retroactive application of Amendment 821, his motion is denied.

Except as otherwise provided, all provisions of the judgment dated 02/20/2018 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 12/21/2023

*Susan P. Watters*
Judge's signature

Effective Date: _____
*(if different from order date)*

Printed name and title

Case 1:17-cr-00083-SPW   Document 62   Filed 12/21/23   Page 2 of 2

AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 2 of 2 (Page 2 Not for Public Disclosure)

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Rocky Rollin Bettin
CASE NUMBER: CR-17-83-BLG-SPW
DISTRICT: District of Montana

**I. COURT DETERMINATION OF GUIDELINE RANGE** *(Prior to Any Departures)*

Previous Total Offense Level: _____   Amended Total Offense Level: _____
Criminal History Category: _____   Criminal History Category: _____
Previous Guideline Range: _____ to _____ months   Amended Guideline Range: _____ to _____ months

**II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE**
☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

**III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a)** *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*